DAVIS, Justice,
specially concurring.
[123] I am in complete agreement with the majority's opinion in this case, but write separately to point out means by which two potential problems can be avoided. There is no good reason for anyone to know how a jury stands numerically before it returns its verdict, and a number of good reasons why its standing during deliberations should not be disclosed to anyone.
[¶ 24] It would be a simple matter to instruct and/or admonish the jury that it is never to communicate how it stands to anyone during deliberations, including the court. For some reason, Wyoming's civil and cerimi-nal patterm jury instructions do not contain this admonition.[4] The federal pattern instructions contain language that would do nicely in both civil and criminal cases with a little adaptation: «
Bear in mind also that you are never to reveal to any person-not even to the Court-how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.
1A Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions, Crim. § 20:01 (6th ed., database updated Aug. 2015). See also 3 O'Malley et. al., supra, Civ. § 106.08 (civil instruetion).
[¶ 25] In addition, the record reflects that the court learned that the jury was deadlocked after the jury invited the bailiffs into the jury room and conveyed information concerning the state of its deliberations to them. This information was then relayed to the court, and from there to the attorneys in the case, I mean no disrespect or negative comment on the integrity of the bailiffs or anyone else, but this is a poor practice, and would be even if the bailiffs had not further communicated the state of the jury's deliberations,. The jury deliberation stage of a jury trial is perhaps its most fragile, because by design there is no record of what transpires. The jury has more off-the-record contact with the bailiffs than anyone else in a case. Jurors become somewhat dependent on and familiar with the bailiffs in a forbidding environment.
[126] Allowing jurors to communicate with the court about the case orally through the bailiffs creates a risk that the bailiffs may not properly convey their concerns to the court, and more importantly, that they might inadvertently influence jurors by verbal communications or bocbr language. For that reason, the jury should be admonished and/or instructed to communicate with the court about the case only in writing, as should the bailiffs, The federal pattern instructions once again provide appropriate language:
If it becomes necessary during your deliberations to communicate with the Court, *228 you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.
1A O'Malley et. al., swpra, § 20:01 (criminal); see also 8 O'Malley et al., supra, § 106.08 (civil).
[127] The notes a jury sends should obviously be made a part of the record,. This process is not perfect, but it is likely to produce a better record than a chain of oral communications.

, There are some general references to communications during deliberations in the patterns, but they do not specifically address the points raised in this concurrence. See 2015 Wyo. Civil Pattern Jury Instruction 1.02 and 2014 Wyo. Criminal Pattern Jury Instructions 1.09A and 1.14.